**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X         06 CV 1810 (NG) (RML)
**OSCAR DONALDSON,**

                    **Petitioner,**

                                          **OPINION AND ORDER**

   **- against -**

**ROBERT ERCOLE, Superintendent of**
**Green Haven Correctional Facility,**

                    **Respondent.**
------------------------------------------------------------X

**GERSHON, United States District Judge:**

*Pro se* petitioner Oscar Donaldson applies to this court under 28 U.S.C. § 2254 for a writ of habeas corpus, alleging that he is being held in custody in violation of the Constitution and laws of the United States pursuant to the judgment of a court of the State of New York. For the reasons set forth below, petitioner's application is denied.

Following a jury trial in New York Supreme Court, Kings County (Leventhal, J.), petitioner was convicted of one count of murder in the second degree (depraved indifference), N.Y. Penal Law § 125.25[2], in connection with the beating death of his estranged wife, Emma Feliciano. He was sentenced on January 27, 2000 to a prison term of twenty-four years to life.

Taken in the light most favorable to the prosecution, the evidence at trial established the following facts: Petitioner married Emma Feliciano in 1992. In 1999, Ms. Feliciano asked petitioner to leave the marital residence after an incident in which he became violent with her. Petitioner moved out, but continued to socialize with his wife on occasion. On Friday, September 1, 2000, both petitioner and Ms. Feliciano attended a party at the home of a mutual friend. Around

9:30 p.m., the party traveled to a nearby restaurant. Petitioner consumed numerous beers, as well as tequila, during the course of the evening. Petitioner and Ms. Feliciano left the restaurant together, in petitioner's car, and drove to petitioner's apartment. On the way there, petitioner found a photograph of a man in Ms. Feliciano's purse and became angry. After they arrived at his apartment, he began to beat her repeatedly with his fists. Afterward, petitioner told the police that he could not remember what happened next, but that, when he woke up the following morning, Ms. Feliciano was lying in bed next to him, dead. The medical examiner testified that the cause of death was a combination of beating and asphyxiation. In a videotaped interview with an Assistant District Attorney, petitioner stated that he "lost control" upon seeing the photograph in Ms. Feliciano's purse. Dr. Robert Goldstein, a psychiatric expert who testified as a witness for petitioner, stated that petitioner is alcohol dependent and was so intoxicated at the time of Ms. Feliciano's death that he could not have formed a specific intent to cause her harm.

At the conclusion of petitioner's case, defense counsel moved pursuant to N.Y. Criminal Procedure Law § 290.10 for a trial order of dismissal of the depraved indifference murder count, arguing that the count should be reduced to reckless manslaughter because the depraved indifference murder statute, as applied to petitioner, violated the Equal Protection Clause of the Fourteenth Amendment. Defense counsel did not, however, argue that the evidence was insufficient to support a finding of recklessness. The motion was denied.

Following his conviction, petitioner moved the trial court to set aside the jury's verdict, claiming, *inter alia*, that the statute under which he was convicted was unconstitutional as applied to him. He argued that New York's depraved indifference murder statute is indistinguishable from its reckless manslaughter statute and that, as a result, the State's application of the depraved

indifference murder statute to him, when similarly situated defendants are subject only to the reckless manslaughter statute, violated the Equal Protection Clause of the Fourteenth Amendment. The court rejected petitioner's argument, holding that the two statutes are distinguishable and that a reasonable person would have known that defendant's conduct in beating his wife and obstructing her air supply created a grave risk of death within the meaning of the depraved indifference murder statute. "In this case," the court stated, "the beating and the act causing asphyxiation clearly could have been reckless in light of the defendant's statements that he lost control and could not think properly. There is nothing unreasonable or vague that would not give a reasonable person notice that these circumstances create a grave risk of death." *People v. Donaldson*, 194 Misc. 2d 614, 616 (N.Y. Sup. Ct., Kings County 2003).

On direct appeal to the Appellate Division, Second Department, petitioner raised two claims: (1) the evidence was legally insufficient to support the recklessness element of depraved indifference murder and was against the weight of the evidence; and (2) the sentence was unduly harsh. Petitioner argued that, although not preserved for appellate review under New York law, his insufficiency of the evidence claim should be heard by the Appellate Division "in the interest of justice." In a footnote to his appellate brief, petitioner argued, in the alternative, that his trial counsel was constitutionally ineffective for failing to preserve the claim. By order dated October 24, 2005, the Appellate Division affirmed petitioner's conviction. *People v. Donaldson*, 22 A.D.3d 765 (2d Dep't 2005). With respect to petitioner's insufficiency of the evidence claim, the Appellate Division held that the claim was unpreserved for appellate review. *Id*. at 765. The Appellate Division went on to state that:

In any event, viewing the evidence in the light most favorable to the prosecution, we

> find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence.

*Id*. (citations omitted). Petitioner's application for leave to appeal to the New York Court of Appeals was denied on January 31, 2006.

Petitioner has not sought any other post-conviction relief in the state courts.

Petitioner filed a petition for a writ of habeas corpus dated March 24, 2006 with this court. In it, he asserts two claims: (1) his conviction for depraved indifference murder was based on legally insufficient evidence; and (2) he was denied the effective assistance of trial counsel.

## DISCUSSION

### I. Procedural Default

When a habeas corpus petitioner defaults a federal claim in state court, either by failing to preserve the claim for state appellate review or by failing to present the claim to the appropriate state forum within the time period prescribed by state law, the independent and adequate state ground doctrine bars federal habeas corpus review. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). The doctrine provides that a federal court may not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. The independent and adequate state law ground may be either substantive or procedural. *Id*. at 729. Notwithstanding the independent and adequate state ground doctrine, however, a federal court may consider a claim that was defaulted in state court if

the petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider the claim would result in a fundamental miscarriage of justice because the petitioner is actually innocent of the crime for which he or she was convicted. *Id*. at 750.

## II. Petitioner's Claims

### A. *Insufficiency of the Evidence*

Petitioner claims that his conviction of depraved indifference murder was based on insufficient evidence because the evidence at trial demonstrated that he acted intentionally in killing his wife and was therefore inconsistent with a finding of recklessness. A reckless state of mind is an essential element of depraved indifference murder. *See* N.Y. Penal Law §§ 125.25[2], 15.05[3]. New York law requires that an alleged error of law in a criminal case be preserved for appeal by the timely registration of a protest with the trial court. *See* N.Y. Criminal Procedure Law § 470.05[2]. A general motion to dismiss made at the close of evidence is insufficient to preserve a claim regarding establishment of a particular element of the crime for appellate review; the claim must be presented to the trial court with specificity to satisfy the preservation requirements of Section 470.05[2]. *See People v. Finger*, 95 N.Y.2d 894, 895 (2000); *People v. Gray*, 86 N.Y.2d 10, 19-20 (1995); *see also Dixon v. Miller*, 293 F.3d 74, 79-80 (2d Cir. 2002). Here, petitioner's trial counsel made a motion to dismiss the depraved indifference murder count at the conclusion of petitioner's case, but did not argue that the evidence was inconsistent with a finding of recklessness; to the contrary, he argued that the depraved indifference murder count should be reduced to reckless manslaughter. As a result, the Appellate Division held that petitioner's insufficiency of the evidence

5

claim was not preserved for appellate review. The Appellate Division's explicit invocation of the procedural default constitutes an independent state ground notwithstanding that the court addressed the merits of the claim in an alternative holding. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999).

Petitioner does not assert either cause and prejudice with respect to his procedural default or actual innocence. Instead, he argues that the procedural default is inadequate under federal law to bar habeas corpus review. Before finding that a claim presented in a habeas corpus petition is procedurally barred, a federal court must examine the adequacy of the alleged procedural default. *People v. Cotto*, 331 F.3d 217, 239 (2d Cir. 2003). A procedural default will be deemed adequate only if it is based on a rule that is firmly established and regularly followed by the state in question. When a federal court finds that a procedural rule is inadequate under this test, the rule does not operate to bar habeas corpus review. *Monroe v. Kuhlman*, 433 F.3d 236, 241 (2d Cir. 2006). The adequacy of a state procedural rule is determined with reference to the particular application of the rule in the case at issue. *Cotto*, 331 F.3d at 240. In determining whether application of a state procedural rule is firmly established and regularly followed, a court should consider: (1) whether the alleged procedural violation was actually relied on by the trial court and whether perfect compliance with the procedural rule would have changed the trial court's decision; (2) whether state caselaw indicates that compliance with the rule was demanded in the specific circumtances presented; and (3) whether petitioner has substantially complied with the rule given the realities of trial and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest. *Id.* at 240 (construing *Lee v. Kemna*, 534 U.S. 362, 381-85 (2002)); *accord Monroe*, 433 F.3d at 242. These three factors are not a test for determining adequacy; rather, they

are guideposts for evaluating the state interest in a procedural rule in the circumstances of a particular case. *Monroe*, 433 F.3d at 242; *Cotto*, 331 F.3d at 240.

Here, with respect to the first factor, petitioner's failure to raise his argument at the close of evidence deprived the trial court of the opportunity to rule on it. Although, in the course of ruling on petitioner's Equal Protection claim, the trial court stated in dicta that petitioner's conduct "clearly could have been reckless," *Donaldson*, 194 Misc. 2d at 616, the issue of the comparison between reckless conduct and intentional conduct was not squarely presented to the court and the court did not have the opportunity to consider petitioner's arguments. With respect to the second factor, New York caselaw clearly indicated at the time of petitioner's trial that compliance with the rule requiring timely registration of a specific protest was demanded in the circumstances presented. *See Finger*, 95 N.Y.2d at 895 (holding that defendant's general motion to dismiss on the ground that the prosecution failed to prove each and every element of both counts of the indictment was insufficient to preserve for appellate review his argument that the prosecution failed to present legally sufficient evidence that his reckless conduct occurred under circumstances evincing a depraved indifference to human life). With respect to the third factor, petitioner did not substantially comply with the state procedural rule. Petitioner's motion to dismiss the depraved indifference murder charge and substitute it with a reckless manslaughter charge, on the ground that the depraved indifference murder statute, as applied to him, violated the Equal Protection Clause, would not have put the trial court on notice of the claim asserted here, that the evidence was inconsistent with a finding that petitioner acted with a reckless state of mind, because recklessness is an element of both crimes. *Compare* N.Y. Penal Law § 125.25[2] *with* § 125.15[1]; *cf. DiSimone v. Phillips*, ___ F.3d ___, ___, 2006 WL 2422777, * 2 (2d Cir. 2006) (holding that petitioner's void-for-vagueness challenge to

7

depraved indifference murder statute in state court failed to exhaust an insufficiency of the evidence claim for habeas corpus review). Indeed, petitioner conceded in his state appellate brief that he failed to preserve his insufficiency of the evidence claim for review.

Overall, I find that the procedural rule embodied in N.Y. Criminal Procedure Law §470.05[2] is firmly established and regularly followed by New York courts in circumstances akin to the circumstances of petitioner's case. Accordingly, it is adequate to bar federal habeas corpus review of petitioner's insufficiency of the evidence claim.

### B. *Ineffective Assistance of Trial Counsel*

In his reply memorandum, petitioner withdraws his claim of ineffective assistance of trial counsel.[1] In any event, the claim is without merit. Claims of ineffective assistance of counsel are analyzed under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel is judged ineffective when: (1) counsel's performance falls below an objective standard of reasonableness based on prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

---

[1]Petitioner's reply memorandum states:

> In this reply brief, petitioner's focus will be limited to showing that his legal sufficiency claim is both, not procedurally barred and that it does have a considerable amount of merit.
> As far as respondent's third issue, "[t]he defendant received effective assistance of counsel," since it was not presented as an issue for this court to resolve in petitioner's original writ of habeas corpus application, petitioner formally concedes no right to address that issue.

Petitioner's Reply Mem. at 1. It is unclear why petitioner reaches the conclusion that he has no right to address the ineffective assistance of counsel claim. The claim is asserted in the original petition for a writ of habeas corpus dated March 24, 2006, and the State does not argue that it is procedurally defaulted or unexhausted, but addresses it on the merits.

*Strickland*, 466 U.S. at 687-694. Even assuming, *arguendo*, that defense counsel's failure to move for dismissal on the ground that the evidence demonstrated that petitioner acted intentionally and was therefore inconsistent with a finding of recklessness was objectively unreasonable, the error was not prejudicial. The Appellate Division ultimately concluded, in its alternative holding that, "viewing the evidence in the light most favorable to the prosecution, . . . it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt." *Donaldson*, 22 A.D.3d at 765. Indeed, viewed in the light most favorable to the prosecution, the evidence at trial established that petitioner consumed a large quantity of alcohol before beating his wife and told a prosecutor that he lost control of his mental faculties upon seeing a photograph of another man in his wife's purse. Moreover, his own psychiatric expert testified that petitioner could not have formed a specific intent to cause the victim harm. In sum, petitioner cannot satisfy the second prong of the *Strickland* test.

## CONCLUSION

For the reasons set forth above, petitioner's application for a writ of habeas corpus is denied. Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c). Moreover, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of Court is directed to enter judgment for respondent and close this case.

**SO ORDERED.**

_____/S/_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
October 17, 2006